**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2222
_____

MYRON WILLIAMS, individually and as Administrator Ad Prosquendum of the
ESTATE OF BRENDA WILLIAMS, LOUISE WILLIAMS, individually and as
guardian ad litem for A.W., a minor,

*Appellants*

v.

CITY OF SCRANTON; CITY OF SCRANTON POLICE DEPARTMENT;
OFFICER JAMES SMITH, individually and in his official capacity
as a police officer for the Scranton Police Department;
ERIC JORDAN, individually and in his official capacity
as a police officer for the Scranton Police Department;
ROBERT STANEK, individually and in his official capacity
as a police officer for the Scranton Police Department;
JASON KNOCH, individually and in his official capacity
as a police officer for the Scranton Police Department;
COMMUNITY LIFE SUPPORT; KEVIN JOSEPH YETKOWSKAS,
individually and as an employee for Community Life Support;
DAN FLYNN, individually and as an employee for Community Life Support;
LACKAWANNA COUNTY CHILDREN & YOUTH SERVICES;
PENNSYLVANIA STATE POLICE;
SCRANTON COUNSELING CENTER; COMMUNITY MEDICAL CENTER;
COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:10-CV-388)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2014

Before: FUENTES and SHWARTZ, *Circuit Judges*, and ROSENTHAL, *District Judge*.[1]

(Opinion Filed: May 7, 2014)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

This action arises from the fatal shooting of Brenda Williams by three police officers of the Scranton Police Department ("SPD"). Myron Williams, the administrator of Brenda Williams's estate, and Louise Williams, the guardian of Brenda Williams's minor daughter, sued the City of Scranton, the SPD,[2] and several SPD officers, alleging various state and federal law claims. The District Court granted summary judgment in the defendants' favor. For the reasons that follow, we affirm.

## I.

On May 28, 2009, the SPD received a call from Williams's neighbors regarding a domestic disturbance. In response to the call, SPD Officers James Smith and Eric Jordan went to the complainants' home. The complainants reported to the officers that Williams

---

[1] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

[2] The City of Scranton and the SPD are treated as a single entity for purposes of this case. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997).

had been repeatedly banging on their front door and yelling at them. Smith had interacted with Williams several times before. Based on his previous interactions with Williams, he thought she might have a mental health condition.

After speaking with the complainants, the officers went to Williams's apartment building. When they arrived and knocked on the front door to the building, Williams answered the door without any clothing on. After asking the officers an unintelligible question, she slammed the door and ran upstairs. The officers entered the building, followed Williams upstairs, and entered her residence through the open front door. When they attempted to speak with Williams, she cursed and yelled incoherently. At one point, she said that "Janie" or "Jamie" was going to heaven; Smith goes by the name Jamie.

The officers looked around Williams's apartment for weapons and drugs and observed several knives in the kitchen on top of the oven. The officers called for an ambulance and EMTs for a possible 302 Commitment,[3] and they notified their shift supervisor that they might be going over their shift.

An EMT and paramedic responded with an ambulance, and Corporal Robert Stanek and Officer Jason Knoch arrived shortly afterward. Stanek, the ranking officer on the scene, had performed roughly seventy 302 commitments. He made the final decision not to have Williams involuntarily committed. Stanek ordered Knoch to copy Williams's information from a previous citation lying on a nearby table so that a disorderly conduct

---

[3] Section 302 of Pennsylvania's Mental Health Procedures Act provides for the involuntary commitment, for purposes of emergency examination and treatment, of a person who is a danger to themselves or others due to a mental illness. 50 Pa. Cons. Stat. Ann. § 7302.

citation could be sent to her later. As Knoch was copying down the information, Williams quickly emerged from her bedroom, passed behind him, and entered the kitchen.

The officers heard the sounds of clinking metal coming from the kitchen, at which point Smith informed his colleagues about Williams's collection of kitchen knives. Williams then exited the kitchen with a large knife. The officers pulled their service weapons and ordered Williams to stop and put down her knife, but she refused and moved toward Smith, pointing the knife at him. After issuing several warnings, which Williams ignored, Stanek, Smith, and Knoch shot Williams. She fell to the ground, on top of her knife. She was pronounced dead later that day.

Williams's surviving relatives, Myron Williams and Louise Williams, brought this action under 42 U.S.C. § 1983 and Pennsylvania state law. They asserted a Fourth Amendment excessive force claim, a Fourteenth Amendment failure-to-treat claim, and a Fourteenth Amendment state-created danger claim against the SPD officers. They also asserted *Monell* claims for municipal liability against the City of Scranton, alleging that the city did not establish sufficient procedures for responding to mentally ill individuals and did not adequately train and/or supervise its police officers. Additionally, they brought wrongful death and survival claims against the City of Scranton and the SPD officers pursuant to Pennsylvania state law.

The District Court granted summary judgment in favor of the SPD officers and the City of Scranton. Myron and Louise Williams appealed.[4]

---

[4] We exercise plenary review over a grant of summary judgment. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002). Summary judgment should be granted "if the movant

**II.**

**A.**

We first address Plaintiffs' excessive force claim. To prevail on an excessive force claim, a plaintiff must establish that a seizure occurred and that it was unreasonable. *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999). It is undisputed that Williams was seized when she was shot. Thus, the only question is whether this seizure was reasonable. An officer's use of deadly force is reasonable when "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3 (1985).

We agree with the District Court that "no reasonable juror could find that the use of deadly force . . . violated Ms. Williams' Fourth Amendment rights." App. at 10. The undisputed facts reveal that Williams rapidly moved toward Smith with a large knife, ignored repeated warnings to stop and drop the knife, and was no more than five feet away from Smith at the time she was shot. Under these circumstances, the SPD officers had probable cause to believe that Williams posed a significant threat of serious bodily injury or death. Likewise, it was objectively reasonable for the officers to believe that using deadly force was necessary. Therefore, the officers' use of deadly force against Williams was reasonable as a matter of law. We affirm the District Court's grant of summary judgment to the SPD officers on Plaintiffs' excessive force claim.

---

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, we must interpret the facts in the light most favorable to the non-movant. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007). We have jurisdiction to review the final order of the District Court pursuant to 28 U.S.C. § 1291.

5

**B.**

Plaintiffs also raised various Fourteenth Amendment claims before the District Court. On appeal, however, Plaintiffs make only a passing reference to the District Court's analysis of their state-created danger claim, and they do not present any argument regarding the District Court's rejection of their failure-to-treat claim. Plaintiffs' failure to argue these issues on appeal constitutes a waiver and is grounds for dismissal of their Fourteenth Amendment claims. *See In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003) (concluding that an appellant's "failure to identify or argue [an] issue in his opening brief constitutes waiver of this argument on appeal"); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (noting "that under Federal Rule of Appellate Procedure 28(a)(3) and (5) and Third Circuit Local Appellate Rule 28.1(a), appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief"). Accordingly, we affirm the District Court's dismissal of the Fourteenth Amendment claims against the SPD officers. Because Plaintiffs have not established any violation of Williams's constitutional rights, we also affirm the District Court's dismissal of the *Monell* claims against the City of Scranton.

**C.**

Plaintiffs' state law claims against the City of Scranton and the SPD officers fail as well. Pursuant to the Pennsylvania Political Subdivision Tort Claims Act, local agencies and municipal employees are immune to state law tort claims, subject to exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. §§ 8541-42. For substantially the same reasons set forth by the District Court, we conclude that the City of Scranton

6

and the SPD officers are immune to Plaintiffs' state law tort claims. Therefore, we affirm the District Court's dismissal of these claims.

## III.

For the foregoing reasons, we affirm the District Court's grant of summary judgment in favor of the City of Scranton and the SPD officers.